IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GUILD ASSOCIATES, INC.,** | : | |
| | : | **CASE NO.: 2:13-CV-1041** |
| **Plaintiff,** | : | |
| | : | **JUDGE MICHAEL H. WATSON** |
| v. | : | |
| | : | |
| **BIO-ENERGY (WASHINGTON), LLC.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| ************************************* | : | |
| | : | |
| **NAVIGATORS SPECIALTY** | : | |
| **INSURANCE COMPANY,** | : | |
| | : | **CASE NO. 2:14-CV-1676** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| v. | : | |
| | : | |
| **GUILD ASSOCIATES, INC.,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

Before the Court is Plaintiff Navigators Specialty Insurance Company's ("Plaintiff" or "Navigators") Motion to Consolidate (Doc. 32) seeking to consolidate *Guild Associates, Inc. v. Bio-Energy (Washington) LL*, Case No. 2:13-cv-1041, with *Navigators Specialty Insurance Company v. Guild Associates, Inc.,et al.*, Case No. 2:14-cv-1676, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. In response, Defendant Guild Associates, Incorporated ("Guild") filed a Memorandum in Partial Opposition of Navigators' Motion to Consolidate, (Doc. 33). Defendant Guild agrees to consolidation for purposes of discovery, but opposes

1

consolidation for trial. For the reasons set forth below, Plaintiff's Motion to Consolidate is **GRANTED in part** and **DENIED in part**.

## II. BACKGROUND

This case arises from the failure of a Nitrogen Removal Unit ("NRU"), a machine used to purify landfill gas into pipeline quality gas. The NRU was ordered from Guild and installed by Merichem Chemicals and Refinery Services LLC ("Merichem") in a Bio-Energy, LLC (Washington) ("BEW") purification plant at the Cedar Hills Landfill in Maple Valley, Washington. (*Complaint*, Doc. 1 at 3). On October 1, 2010, the NRU failed, causing the destruction of portions of absorbent media.[1] (*Id*. at 3-4). The failure caused dust to overwhelm the filter system, and repairs required the system be shut down. Guild participated in the repairs and provided replacement absorbent media to BEW at no cost. (*Id.*). BEW claims, however, the damage was more extensive than originally thought. (Doc. 1, Exhibit B, at 9).

On or about March 29, 2011, an automated monitor registering levels outside normal conditions set off alarms and required the plant to be shut down. (*Id.*). BEW alleges the shutdown occurred as a result of damages not detected in the initial repair on October 5, 2010. (*Id.*). BEW also alleges that Guild refused to sell BEW replacement parts to repair the new found damage unless modifications were made to the plant system, at the expense of BEW. (*Id.* at 9-10). BEW entered into a "Repair Agreement" dated December 7, 2011. (Doc. 1 at 5). Following modifications and repairs made pursuant to the Repair Agreement, BEW's methane recovery at the Cedar Hills plant dropped from 87% to 81.6%, which BEW alleges caused an estimated $865,000 per year in lost revenue. (*Id.* at 5).

---

[1] Absorbent material is located within the NRU and acts as a "molecular gate" removing excess nitrogen and other minor constituents during a 10 step process purifying landfill gas into pipeline quality gas. (*See* Doc. 1, Exhibit B).

On October, 7, 2013, Guild Associates filed an action in Franklin County Common Pleas Court, Case (the "State Action"). (*Id.* at 2). In the State Action, Guild alleged that BEW owed monies to Guild pursuant to the Repair Agreement. (*Id.*). In response, BEW removed the case to this Court as *Guild Associates, Inc. v. Bio-Energy (Washington) LL*, Case No. 2:13-cv-1041, currently pending in front of The Honorable Michael H. Watson (the "Underlying Case"). (*Id.* at 3). In its Answer, BEW asserted counterclaims of breach of contract, fraud in the inducement, and breach of the Merichem Purchase Order (the "Purchase Order"). The Purchase Order, which Merichem assigned to BEW, allegedly obligated Guild to indemnify the NRU purchaser, and allegedly stated that "Merichem assigned its rights to BEW for property damage arising, in any manner, from the furnishing of goods or services thereunder or caused by defects in the goods purchased thereunder…only to the extent caused by the negligence/gross negligence, intentional acts, omissions, or strict liability of the seller." (*Id.* at 6).

On October 21, 2013, BEW filed a Complaint for Declaratory Judgment and Specific Performance against Guild in the Superior Court of King County in the State of Washington (the "Washington State Case"). (Doc. 1 at 3). In the Washington State Case, BEW requested a declaratory judgment that Guild had a contractual obligation to provide BEW with replacement components, and an order compelling Guild to perform its obligations under the Purchase Order. (*Id.*).

On September 19, 2014, Navigators, who insured Guild through a Commercial General Liability insurance policy ("CGL Policy"), filed a Complaint for Declaratory Judgment in the present case, *Navigators Specialty Insurance Company v. Guild Associates, Inc.,et al.*, Case No. 2:14-cv-1676 (the "Present Case"), against Guild and BEW. (Doc. 1). Navigators asks this Court to enter judgment declaring that Navigators does not owe indemnity to either Guild or BEW, as

3

it pertains to BEW's and Navigators' claims in the Present Case and/or the Washington State Case. (*Id.* at 18).

In their Complaint, Navigators asserts that several clauses within the CGL Policy bar or limit Guild's insurance coverage. (*Id.* at 13-17). For example, Navigators contends that BEW's claims against Guild for breach of contract are not covered under the policy because they do not state a claim for property damages as a result of an "occurrence" or "accident" as those terms are defined in the CGL Policy. (Doc. 1 at 13-14). Navigators further argues that liability is excluded because the CGL Policy does not cover Guild's work or work product, and excludes warranties or representations of "fitness, quality, durability, performance, or use" of the insured's product or work. (*Id*. at 15). In addition, Navigators asserts that the "Impaired Property" exclusion precludes Navigators from owing for "damage to impaired property or property not physically injured" arising from defect or deficiency in Guild's work or failure to perform a contract. (*Id.*). Finally, Navigators contends that the punitive damages sought by BEW are not covered under the CGL Policy. (*Id*. at 16).

On October 10, 2014, BEW filed its Answer with Jury Demand to Navigators' Complaint for Declaratory Judgment. (Doc. 16). In addition to its affirmative defenses, BEW's Answer included a prayer for dismissal with prejudice, as well as costs.

On November 10, 2014, Guild filed its Answer and Counterclaim, alleging that Navigators has a duty under the CGL Policy to indemnify Guild for expenses incurred in the investigation and defense against BEW, exemplary damages, and any possible monetary judgment entered against Guild which may flow from the Underlying Case and/or Washington Case. (Doc. 22).

On February 26, 2015, Navigators filed this Motion to Consolidate under Rule of 42(a) of the Federal Rules of Civil Procedure. (Doc. 32). Subsequently, Guild responded to Navigators' motion to consolidate, agreeing to consolidate for purposes of discovery, but opposing consolidation for purposes of trial. (Doc. 33 at 2). Guild argues that consolidation for trial may prejudice the parties and may create evidentiary problems under Rule 411 of the Federal Rules of Evidence. Navigators filed its Reply to Guild's Response to Navigators Motion to Consolidate, (Doc. 34), reasserting its arguments for consolidation and denying any prejudice to the parties. BEW has not opposed Navigators' Motion to Consolidate. This matter is ripe for review.

## III. STANDARD OF REVIEW

Rule 42(a) of the Federal Rules of Civil Procedure authorizes consolidation of actions that involve a common question of law or fact. *Carpenter v. GAF Corp.*, 16 F.3d 1218, at *1 (6th Cir. 1994) (table decision). The underlying purpose of Rule 42 is to promote economy in the administration of justice. *See MacLean v. Evans, Mechwart, Hambleton & Tilton, Inc.*, No. 2:09-CV-521, 2009 WL 2983072, at *1 (S.D. Ohio Sept. 14, 2009) (citing *Feldman v. Hanley*, 49 F.R.D. 48 (S.D.N.Y.1969)). Under Rule 42(a), this Court may: (1) join for hearing or trial all matters at issue in the action; (2) consolidate the action; or (3) issue any other orders to avoid unnecessary cost or delay. *See* Fed.R.Civ.P. 42(a). A district court considering a request for consolidation under Rule 42 should consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). In determining whether consolidation is appropriate under Rule 42, courts must be careful to avoid prejudice to the

parties and jury confusion. *Id.*; *see also MacLean*, 2009 WL 2983072 at *1 ("Any savings of litigant and judicial resources achieved by consolidation must be balanced against any prejudice to the parties, including potential confusion of the issues, which might result from consolidation." (citing *Arroyo v. Chardon*, 90 F.R.D. 603 (D.P.R.1981)). Moreover, consolidation under Rule 42 is a matter within the discretion of the Court and is reviewed only for abuse of discretion. *Cantrell*, 999 F.2d at 1011.

### IV. DISCUSSION

Navigators moves the Court to consolidate *Guild Associates, Inc. v. Bio-Energy (Washington) LLC*, Case No. 2:13-cv-1041, with *Navigators Specialty Insurance Company v. Guild Associates, Inc.,et al.*, Case No. 2:14-cv-1676, pursuant to Rule 42(a). Navigators argues that consolidation is proper because the two cases arise out of the same operative facts, involve the same parties and the same insurance coverage policy, and involve similar legal issues. (*Id.* at 5). Navigators further contends that consolidation would promote efficiency, prevent multiple actions, and avoid inconsistent adjudications. (*Id.* at 5-6).

In response, Defendant Guild concedes that consolidation for discovery would promote efficiency, but opposes consolidation for purposes of trial. (Doc. 33 at 2). Guild argues that consolidation at trial would "confuse and/or prejudice the jury." (*Id.* at 2).

### A. Consolidation for Trial

#### 1. *Common Questions of Law or Fact*

For purposes of Rule 42 consolidation, questions of law and fact need not be identical. *MacLean*, 2009 WL 2983072 at *2. Rule 42 gives the Court discretion to consolidate as long as there are *some* common questions of law or fact. *Id*. For example, consolidation may be found when there are some common questions of fact and analysis of the complaints indicate that the

6

legal issues are almost identical. *See Brewer v. Republic Steel Corp.*, 64 F.R.D. 591, 594 (N.D. Ohio 1974), *aff'd*, 513 F.2d 1222 (6th Cir. 1975).

In the present case, the cases involve the same parties: Guild, BEW, and Navigators. In addition, the actions arise out of the same underlying series of events: both cases are connected to the failure of the NRU at the BEW Cedar Hills Landfill in Maple Valley. Further, both the Underlying Case and the Present Case generally involve the legal consequences of Guild's actions in the initial repair of the NRU and its response to the later damage to the filtration system that led to the shutdown of the plant. (Doc. 1 at 4). In addition, judgment in the Underlying Case may aid in the adjudication of the Present Case. Specifically, adjudication of the Underlying Case may answer the question of whether there was an "accident" or "occurrence" as defined by the CGL Policy, a crucial question in the Present Case.

On the other hand, however, the two cases seem to raise several differing legal questions: the Underlying Cases requires interpretation of the Purchase Order and asks whether there was fraud in the inducement and/or a breach of contract; the Present Case involves the interpretation of the terms of, and obligations of the parties under, a separate, insurance contract. The two cases seem to involve largely separate legal questions, although if the Underlying Case does indeed answer the question of whether an "accident" or "occurrence" as defined by the CGL Policy, there may be a risk of inconsistent adjudications if the actions are not consolidated.

With these considerations in mind, the Court turns to the question of whether specific risks of prejudice and possible confusion are overborne by the savings of litigant and judicial resources achieved by consolidation or the risk of inconsistent adjudications.

2.  *Efficiency versus Prejudice*

Defendant contends that consolidation would lead to prejudice and "subject Guild to needless expense." (Doc. 33 at 2). It also references Rule 411 of the Federal Rules of Evidence as weighing against consolidation. Although Guild fails to present a detailed argument related to Rule 411, the implication is that including Navigators in the Underlying Case will alert the jury of the fact of their insurance coverage, and under Rule 411, "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." *See* Fed.R.Evid. 411.

Where there are common issues of law or fact, courts must then balance the benefit of expedience and judicial resources against prejudice and jury confusion that may be caused by consolidation. *Cantrell*, 999 F.2d at 1011. Factors that may cause prejudice and jury confusion include complex legal theories and factual proof. *See Choi v. Stevenson Co*, No. 3:08-CV-0057-S, 2011 WL 1625055 (W.D. Kentucky Apr. 28 2011). Absent prejudice, consolidation is usually the most efficient method of adjudicating cases arising from common law or fact. *MacLean*, 2009 WL 2983072, at *1. Efficiency is determined by the need to analyze issues common to all parties, overlap in discovery, witnesses, and evidence. *Id*. at 2; *see also May v. U.S.*, 515 F. Supp. 600, 604 (S.D. Ohio 1981). Courts should be particularly cautious, however, when considering consolidation for complex cases with complex issues in a case that will be tried to a jury. *Organic Chemicals*, *Inc. v. Carrol Products, Inc.*, 86 F.R.D. 468, 469-70 (W.D. Mich. 1980) ("[I]n complex cases with complex issues, justice is often best served if issues are separated." (citing *Warner v. Rossingol*, 513 F.2d 678 (1st Cir. 1975)).

The present cases involve complex legal and factual issues centering on the operation and repair of complex industrial machinery and detailed contracts. For the Underlying Case alone, it

is likely that the jury will need to sort through complex testimony from expert witnesses, highly technical evidence pertaining to machine functions at the BEW plant, and evidence and testimony regarding contract clauses and sub clauses. Similarly, for the Present Case, the jury likely will be faced with complex testimony about insurance contracts and coverage, as well as technical evidence related to the respective businesses of BEW and Guild. Although juries are often tasked with the resolution of complex cases, the combination of these two cases, which are factually and legally complex, are likely to create juror confusion.  Thus, this consideration weighs against consolidation for trial.

In light of these considerations, the parties have not persuaded the Court at this stage of the litigation that the consolidation of these two complex cases into one action for trial, particularly where the legal questions may overlap but actually seem distinct, is the least prejudicial and most efficient solution.  For now, the Court is compelled to err on the side of caution and refrain from allowing these actions to be consolidated for trial in light of the possible prejudice and jury confusion. Furthermore, the Court is not convinced at this point that consolidation is necessary or more efficient.

While these cases seem to involve interrelated parties and may include common questions of law and fact, at this early stage of the proceedings, this Court is not convinced that consolidation for trial is appropriate.  The Court does not foreclose the possibility that it could be so convinced in the future, after further development of the issues in these actions.  Therefore, the parties may renew their request for consolidation with additional briefing after discovery.

### B. Consolidation for Discovery

Guild and Navigators both agree to consolidation for purposes of discovery. (Doc. 33 at 2). BEW has not opposed this request. Moreover, this Court agrees that consolidation for the purpose of discovery is warranted and proper for purposes of efficiency, as there is likely to be

extensive overlap in the document discovery and in some witnesses. *See MacLean*, 2009 WL 2980372 at *2. Thus, Plaintiff's request for consolidation for the purpose of discovery is GRANTED.

## V. CONCLUSION

For the reasons set out above, Plaintiff's Motion is **GRANTED** in part and **DENIED** in in part.  The cases *Guild Associates, Inc. v. Bio-Energy (Washington) LL*, Case No. 2:13-cv-1041, and *Navigators Specialty Insurance Company v. Guild Associates, Inc.,et al.*, Case No. 2:14-cv-1676 hereby will be consolidated for the purposes of discovery.

**IT IS SO ORDERED.**

                                                  **s/ Algenon L. Marbley**
                                                  **ALGENON L. MARBLEY**
                                                  **United States District Judge**

**DATED:  September 15, 2015**