IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **NAVIGATORS SPECIALTY INSURANCE COMPANY** : | : |
| : | Case No. 2:14-cv-01676 |
| **Plaintiff,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | Magistrate Judge Deavers |
| **GUILD ASSOCIATES, INC., et al.,** : | |
| : | |
| : | |
| **Defendant.** : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Non-Party Ace American Insurance Company's ("Ace") Motion to Compel Production of Settlement Agreement Filed Under Seal. (Doc. 205.) Ace seeks access to the Settlement Agreement between Guild Associates, Inc. ("Guild") and Bio-Energy (Washington), LLC ("BEW"), believing it has discoverable information pertinent to damages in a separate action between Ace and BEW, which is currently pending in the Western District of Washington. Guild has no objection to the Court granting Ace access to the Settlement Agreement, as the Agreement contains no trade secrets or proprietary information. BEW, however, opposes the Motion.

Ace's Motion is fully briefed, and the Court will resolve the matter without oral argument. For the reasons set forth below, the Court **GRANTS** Ace's Motion [#205].

### II. LAW AND ANALYSIS

Ace, as BEW's insurer, asks the Court to grant them access to the Settlement Agreement between Guild and BEW for use in a related action pending in the Western District of Washington.

1

Ace argues that the damages in each case overlap and that having access to the Settlement Agreement will ensure BEW does not receive a double recovery.  BEW raises three arguments in response: (1) Ace's request is premature because damages are not yet at issue in the related action; (2) the Settlement Agreement is not relevant because the related action involves separate claims against a separate party; and (3) the Settlement Agreement expressly states that its terms should be kept confidential.

Courts have routinely found "that third parties have standing to challenge protective orders and confidentiality orders in an effort to obtain access to information or judicial proceedings." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir. 1994) (citing *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992); *Public Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 787 n.12 (1st Cir. 1988); *In re Alexander Grant & Co., Litig.*, 820 F.2d 352, 354 (11th Cir. 1987); *United States v. Cianfrani*, 573 F.2d 835, 845 (3d Cir. 1978); *City of Hartford v. Chase*, 733 F. Supp. 533, 534 (D. Conn. 1990)).  Further, courts within this district have compelled the production of a confidential settlement agreement where, among other things, it may be relevant to the issue of damages at trial.  *See, e.g.*, *Thomas & Marker Const. Co. v. Wal-Mart Stores, Inc.*, 2008 WL 3200642, at *3 (S.D. Ohio Aug. 6, 2008).  This is because the Sixth Circuit recognizes that the privilege protecting settlement negotiations from discovery does not extend to the terms of the final agreement.  *Wagner v. Circle W. Mastiffs*, 2013 WL 2096655, at *4 (S.D. Ohio May 14, 2013) (citing *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 981 (6th Cir. 2003)).  Hence, absent some privilege or other compelling reason to protect the contents of a settlement agreement, there is a strong policy in favor of granting the public access to such documents.  *See In re Polemar Construction Ltd. P'ship*, 23 F. App'x 423, 425 (6th Cir. 2001)

("There is a strong public policy in favor of public access to judicial proceedings, most particularly as relates to a court's order or decree, embodying a settlement.").

Here, BEW does not argue that the contents of its Settlement Agreement with Guild are protected by privilege. Rather, BEW argues that the Agreement has no relevance to the issue of damages in the related action. Importantly, however, whether the Settlement Agreement is ultimately admissible in that action is a question for the trial judge in the Western District of Washington. Hence, BEW can raise its objection in that forum.

Notwithstanding the above, Guild and BEW's Settlement Agreement may contain information that is relevant to the related action. ACE's summary of this potential overlap is particularly insightful:

> In this case, BEW filed a Counterclaim against Guild seeking, among other items, these categories of damages: (1) $2,969,330 for changes to the BEW gas-purification process allegedly demanded by Guild; (2) $1,033,200 in lost revenues allegedly suffered by BEW from August 2012; and (3) property damage in the amount of $3,565,357, which includes a ruling that BEW does not owe the remaining $2.3 million for the replacement media.
>
> BEW, however, is seeking the same damages in the Related Litigation. Specifically, BEW is seeking: (1) $2,969,339 as costs incurred to meet Guild's demands; (2) loss of revenues that may or may not overlap; and (3) property damage in the amount of $3,565,357, which includes the $3 million for the replacement absorbent.

(Doc. 205 at 5.) Considering the strong policy favoring public access to judicial proceedings, and because producing the Settlement Agreement for the limited purpose that Ace requests presents no danger of revealing privileged information, the Court **GRANTS** Ace's Motion.

### III. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Ace's Motion to Compel the Confidential Settlement Agreement Filed Under Seal [#205].

**IT IS SO ORDERED.**

                                                     **/s/ Algenon L. Marbley**
                                                   **ALGENON L. MARBLEY**
                                                   **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: November 12, 2019**