IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NAVIGATORS SPECIALTY INSURANCE COMPANY,**

    **Plaintiff,**

    v.

    Case No. 2:14-cv-1676
    Judge Algenon L. Marbley
    Magistrate Judge Elizabeth P. Deavers

**GUILD ASSOCIATES, INC.,** *et al.***,**

    **Defendants.**

## ORDER

Defendant Bio-Energy (Washington) LLC ("BEW") has filed an unopposed motion to file under seal its motion to enforce Section 2 of the May 12, 2017 Confidential Settlement Agreement. (ECF No. 231.) For the following reasons, the motion is **GRANTED.**

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). The Sixth

Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (quoting *Shane Grp.*, 825 F.3d at 305). If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *Id*. (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

The Settlement Agreement in this case previously was filed under seal. (ECF Nos. 81, 82.) Given the confidential nature of the settlement agreement, prior motions and filings relating to the settlement agreement also have been filed under seal. (*See, e.g.,* ECF Nos. 96, 104, 108, 219, 224, 227, 228.) Accordingly, consistent with the documented confidential nature of the

settlement agreement and for good cause shown, the current motion to enforce the settlement (ECF No. 231) is **GRANTED.**

    **IT IS SO ORDERED.**


Date: June 22, 2021                                          /s/ *Elizabeth A. Preston Deavers*
                                                                            ELIZABETH A. PRESTON DEAVERS
                                                                            UNITED STATES MAGISTRATE JUDGE